UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11134-GAO

SCOTT A. CAMPBELL,
Plaintiff,

v.

MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTH, et al.,
Defendants.

MEMORANDUM AND ORDER
January 11, 2018

O'TOOLE, D.J.

For the reasons set forth below, the Court (1) grants the plaintiff's motion for leave to proceed in forma pauperis; (2) orders that summonses issue as to three defendants; and (3) denies without prejudice the plaintiff's motion for the appointment of counsel.

I. **Background**

Scott Campbell, who is currently incarcerated at the Plymouth County Correctional Facility, brings this action in under 42 U.S.C. § 1983 ("§ 1983") and state law for allegedly inadequate medical treatment he received while an inmate at MCI Norfolk in 2015. According to the Amended Complaint, on May 11, 2015, Campbell became dizzy and fell down while walking on an outdoor track at MCI Norfolk. He experienced excessive vomiting while being transported to the Health Services Unit ("HSU"). At the HSU, he was examined by Nurse Byron Shumaker, who consulted by phone with Doctor Lawrence Churchville. Following Dr. Churchville's instructions, Nurse Shumaker treated Campbell for dehydration and administered an antiemetic drug. Campbell was placed in the "Assisted Daily Living Unit" without any

1

further examination that day.

The following day, Dr. Churchill examined Campbell, performed some balance tests, prescribed antibiotics for a possible ear infection, and ordered that Campbell stay in bed until the next day. Campbell spent the rest of the day falling out of bed and vomiting.

On May 13, 2015, Dr. Churchville called for Campbell to be re-examined when he learned that Campbell was still unable to ambulate or balance. Campbell was sent to Norwood Hospital the same day, where the attending physician immediately recognized that Campbell's symptoms could indicate a brain injury. Campbell underwent an emergency MRI, which revealed severe bleeding the cerebral cortex as the result of a stroke, and possibly evidence of a second stroke that occurred while Campbell was in the HSU. Campbell spoke with a doctor who stated that the failure to treat Campbell's first stroke in a timely manner worsened his condition and resulted in the second stroke. The same day, Campbell was transferred to Boston Medical Center, where the diagnosis of the doctor at Norwood hospital was confirmed. As a result of the strokes, Campbell suffers injuries, including loss of vision in the right eye and vertigo.

Campbell brings this action against the Massachusetts Partnership for Correctional Health ("MPCH") and five of its employees: Thomas Groblewski, medical director of MPCH; Rebecca Lubelczyk, regional medical director of MPCH; Dr. Churchville; and Nurse Shumaker. He asserts against all defendants a claim under 42 U.S.C. § 1983 for a violation of his Eight Amendment right to adequate medical care and a state law claim for medical malpractice.

Campbell also filed motions for leave to proceed in forma pauperis and for the appointment of counsel.

**II.     Discussion**

   A.     Motion for Leave to Proceed In Forma Pauperis

Upon review of Campbell's motion for leave to proceed in forma pauperis and the accompanying prison account statement, the Court concludes that plaintiff lacks funds to prepay the filing fee.   The Court therefore will grant the motion.   Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $29.76.   The remainder of the fee, $320.24, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

   B.     Screening of the Complaint

When a plaintiff seeks to is allowed to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).   Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.   Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.   See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).   In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.   See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   This means that it needs to allege "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1,

12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)). Where a plaintiff brings a claim against multiple defendants, the pleading must identify the alleged misconduct and legal claims against each individual defendant. The plaintiff cannot simply refer to the defendants collectively where it cannot be reasonably inferred that all the defendants engaged in the alleged misconduct or that there is a basis for vicarious liability. See, e.g., Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).)

1. Defendants Groblewski and Lubelcyzk

Other than including defendants Groblewski and Lubelcyzk in the caption of the complaint and the recitation of the parties, the complaint does not contain any reference explicit reference to these defendants. Campbell does refer to "defendants" collectively, but not in a manner that allows the Court discern any role—direct or otherwise—these parties had in the events forming the basis of the plaintiff's § 1983 or medical malpractice claims. Because Campbell has failed to show that he is entitled to relief from these defendants, he has failed to state a claim against them upon which relief may be granted.

2. MPCH

Because Campbell identifies MPCH as the employer of Dr. Churchville and Nurse Shumaker—the two individuals he claims failed to provide him with adequate medical treatment—the Court will allow this the state medical malpractice claim to go forward against as

4

to MPCH because of the possibility that it may be vicariously liable for the alleged negligence of its employees. See, e.g., Dias v. Brigham Med. Assocs., 438 Mass. 317, 321-22 (2002) (holding that medical practice group could be held vicariously liable for medical malpractice of one of its doctors if (1) the doctor was an employee of the group; and (2) the alleged negligent treatment occurred within the scope of the doctor's employment by the group).

However, as Campbell's claims are currently pled, he cannot proceed on his § 1983 claim against MPCH. Section § 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)).

Although MPCH is not a "person" as that word is used in regular parlance, § 1983's reference to a "person" can include private corporations providing services under color of state law, including private corporations providing medical services to state prisoners. See, e.g., Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017). However, even if the private entity is a "person" for purposes of § 1983, liability can only be imposed on the entity itself if its "policy or custom resulted in the alleged constitutional violations at issue." Id. Here, Campbell does not allege facts from which the Court can reasonably infer that the alleged constitutional violations of Dr. Churchville and Nurse Shumaker were the result of a "policy or custom" of MPCH. Accordingly, the § 1983 claim against MPCH is DISMISSED WITHOUT PREJUDICE.

5

**III.    Conclusion**

Accordingly, for the foregoing reasons, the Court hereby orders:

(1)    The motion for leave to proceed in forma pauperis is GRANTED.    Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $29.76.    The remainder of the fee, $320.24, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).    The Clerk shall send a copy of this order to the treasurer of the institution having custody of the plaintiff.

(2)    The Clerk shall issue summonses as to MPCH, Dr. Churchville, and Nurse Schumaker.    The plaintiff shall serve the summonses, complaint, and this order upon the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

(3)    Because the plaintiff is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.    If asked to do so by the plaintiff, the USMS shall serve the summonses, complaint and this order upon the defendants as directed by plaintiff.    The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.    The Clerk shall provide the plaintiff with forms and instructions for service by the USMS.

(4)    The plaintiff shall have 90 days from the date of the issuance of the summonses to complete service.

(5)    At this time, summonses shall not issue as to Groblewski and Lubelcyzk because Campbell has failed to state a claim upon which relief can be granted as to these defendants. Likewise, the § 1983 claim against MPCH is DISMISSED WITHOUT PREJUDICE, because, as set forth above, Campbell has failed to allege facts from which the Court may reasonably infer that MPCH violated his rights under the Eighth Amendment.    Should Campbell wish to further

amend his complaint to cure the pleading deficiencies, he may do so in accordance with Rule 15 of the Federal Rules of Civil Procedure.

      6.      The motion for appointment of counsel is DENIED WITHOUT PREJUDICE to renewal after the defendants have been served with and responded to the complaint.

SO ORDERED.

| 1/11/2018 | /s/ George A. O'Toole, Jr. |
|---|---|
| DATE | GEORGE A. O'TOOLE, JR. |
|  | UNITED STATES DISTRICT JUDGE |